UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| CITY WIDE COMMUNITY | § | |
| DEVELOPMENT CORPORATION, | § | |
| | § | |
| Debtor, | § | |
| ———————————————— | § | |
| | § | |
| CITY WIDE COMMUNITY | § | |
| DEVELOPMENT CORPORATION, | § | |
| | § | |
| Plaintiff/Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2410-B |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant/Appellee. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff/Appellant City Wide Development Corporation ("City Wide")'s appeal from the bankruptcy court's Order granting Defendant/Appellee City of Dallas ("Dallas")'s Motion to Dismiss and dismissing the case with prejudice. For the reasons that follow, the bankruptcy court's Order is **AFFIRMED IN PART** and **REVERSED IN PART.**

I.

BACKGROUND

This is an appeal arising out of an adversary proceeding in a bankruptcy case. City Wide contracted with Dallas to complete a project ("the Opal Project") in which City Wide would acquire and redevelop nine different properties on Dallas's behalf. Doc. 2-4, R., 707. Dallas loaned City Wide a total of $1.33 million to complete the Opal Project. *Id.* Additionally, the parties' contract

provided that if City Wide failed to complete the Opal Project, Dallas would take possession of the nine properties. *See id.* at 708.

City Wide filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas.[1] In those proceedings, Dallas filed a proof of claim, Claim 16-1, seeking to recover the $1.33 million that it loaned City Wide. Doc. 2-4, R., 708, 713–14.

City Wide separately initiated this adversary proceeding asserting claims against Dallas that arose from the Opal Project. *Id.* at 708–13. In the operative Complaint, City Wide asserts four claims, some of which seek to prevent Dallas from recovering the $1.33 million it loaned City Wide. *See id.* at 714–17. First, City Wide brings a cause of action seeking injunctive relief. *Id.* at 714. Second, City Wide seeks declaratory relief that City Wide did not default on the parties' contract and to "remov[e] the cloud of title." *See id.* at 714–15. Third, City Wide brings a cause of action for equitable estoppel alleging that Dallas promised it would not enforce the contractual deadline to complete the Opal Project. *Id.* at 715–16. Fourth, City Wide seeks a declaratory judgment that Dallas may not foreclose on the Opal Project under a promissory estoppel theory. *Id.* at 716–17.

Dallas moved to dismiss City Wide's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 2-5, R., 794. Dallas argued that the bankruptcy court did not have subject-matter jurisdiction over the case because the suit was barred by governmental immunity. *Id.* at 799–800. Dallas also argued that City Wide failed to state a claim upon which relief can be granted. *Id.* at 804. The bankruptcy court concluded that Dallas waived its governmental immunity by filing a proof of claim in City Wide's bankruptcy proceedings. Doc. 2-1, R., 16–17. Thus, the bankruptcy court

---

[1] Voluntary Petition for Non-Individuals Filing for Bankruptcy, Case No. 21-30847-MVL11, ECF No. 1 (Bankr. N.D. Tex. 2021).

denied Dallas's motion to dismiss for lack of subject-matter jurisdiction. *Id.* at 17. However, the bankruptcy court then concluded that City Wide's claims were barred by Dallas's governmental immunity and granted the motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.* at 21–23. The bankruptcy court separately concluded that Count III of City Wide's Complaint failed to state a claim because equitable estoppel is not an independent cause of action. *Id.* at 21. The bankruptcy court dismissed City Wide's four claims with prejudice. *Id.* at 24. City Wide subsequently appealed. Doc. 1, Notice Appeal. The Court considers the Appeal below.

## II.

## LEGAL STANDARDS

A. *Bankruptcy Appeal*

Final judgments, orders, and decrees of a bankruptcy court may be appealed to a federal district court. 28 U.S.C. § 158(a). Because the district court functions as an appellate court in this scenario, it applies the same standards of review that federal appellate courts use when reviewing district court decisions. *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992) (citations omitted). Therefore, the Court reviews the bankruptcy court's conclusions of law *de novo* and the bankruptcy court's findings of fact for clear error. *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008).

B. *Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (citations omitted). "If the record does not contain

sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (citation omitted). "Congress has plenary authority to regulate federal court jurisdiction and can withhold such jurisdiction at its discretion." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 269 (5th Cir. 2001).

C.      *Motion to Dismiss for Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true . . . and view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alteration in original) (citation omitted). But the Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has

alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (citation omitted).

### III.

### ANALYSIS

The Court first affirms the bankruptcy court's finding that Dallas waived its governmental immunity by filing a proof of claim in City Wide's bankruptcy proceedings. Thus, the bankruptcy court correctly concluded that it had subject-matter jurisdiction over the case. The Court then reverses the bankruptcy court's decision that City Wide failed to state a claim because Counts I, II, and IV of City Wide's Complaint were barred by governmental immunity. The Court lastly affirms the bankruptcy court's dismissal of Count III of City Wide's Complaint because equitable estoppel is not an independent cause of action under Texas law.

A. *Dallas Waived its Governmental Immunity by Filing Claim 16-1 in City Wide's Bankruptcy Proceedings, and the Substantive Law Governing Three of City Wide's Claims Applies to Dallas.*

Whenever a plaintiff sues a governmental entity, the Court must conduct a two-step inquiry. First, the Court must determine whether the government is immune from the lawsuit. *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 743 (2004). Second, the Court must address the merits of the plaintiff's claims and determine whether the governmental entity may be found liable under the relevant substantive law—i.e., whether the law applies to the governmental entity. *See id.* Here, the Court finds that Dallas is not immune from suit and that the relevant substantive law applies to Dallas with respect to Counts I, II, and IV of City Wide's Complaint. However, Count III of City Wide's Complaint does not apply to Dallas because equitable estoppel is not an independent cause of action under Texas law.

1.  <u>The Court Has Subject-Matter Jurisdiction Over This Case.</u>

The Court has subject-matter jurisdiction over this case. The bankruptcy court correctly concluded that Dallas waived its governmental immunity by filing Claim 16-1 in City Wide's bankruptcy. Dallas does not argue on appeal that the bankruptcy court erred in concluding that the court had subject-matter jurisdiction. Doc. 17, Appellee's Resp., 5 n.2. However, the Court has an independent duty to ensure it possesses subject-matter jurisdiction over the case. *Biziko v. Van Horne*, 981 F.3d 418, 420 (5th Cir. 2020).

"Texas governmental immunity, unlike constitutional sovereign immunity, applies to the state's political subdivisions." *Tercero v. Texas Southmost Coll. Dist.*, 989 F.3d 291, 297 (5th Cir. 2021) (citations omitted). Under Texas law, "[c]ities . . . have governmental immunity from suit and liability." *City of Baytown v. Fernandes*, 674 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2023, no pet.). "Governmental immunity from suit defeats a trial court's jurisdiction." *Tercero*, 989 F.3d at 297 (citations and alterations omitted). Under Texas law, a city only has immunity from suit when it contracts with a private party if the city was engaged in a governmental function. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). But if the city was engaged in a proprietary function, the city is not immune from suit. *Id.* The Court need not decide whether Dallas was engaged in a governmental function because, even if Dallas had governmental immunity, Dallas waived its immunity by filing a proof of claim in City Wide's bankruptcy proceedings.

Section 106(b) of the Bankruptcy Code waives sovereign immunity "with respect to monetary relief in . . . compulsory counterclaims to governmental claims." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 254 (5th Cir. 2006). As a preliminary matter, § 106(b) applies even though City Wide only seeks declaratory and equitable relief. The Supreme Court has held that § 106(b) waives

sovereign immunity when a plaintiff seeks "monetary relief." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992); *see also In re Supreme Beef Processors, Inc.*, 468 F.3d at 254. However, the Supreme Court did not expressly limit § 106(b)'s waiver of sovereign immunity to cases where a plaintiff seeks monetary relief. *See Nordic Vill. Inc.*, 503 U.S. at 34. Nor does the text of § 106(b) indicate that, when a governmental unit files a proof of claim, it only waives sovereign immunity with respect to claims seeking monetary relief. *See* 11 U.S.C. § 106(b). The Bankruptcy Code also allows parties to assert causes of action seeking equitable remedies. *See* 11 U.S.C. § 101(5)(B). Because the Bankruptcy Code allows for parties to seek equitable relief and because the text of § 106(b) does not suggest that a governmental unit only waives its sovereign immunity with respect to claims seeking monetary relief, the Court concludes that City Wide can assert claims against Dallas seeking declaratory relief and equitable remedies if the requirements of § 106(b) are otherwise met. *Cf. In re Yahweh Ctr., Inc.*, 27 F.4th 960, 966 (4th Cir. 2022) (finding that the trustee's claim seeking to void obligations to pay taxes was not barred by sovereign immunity because the IRS filed a proof of claim).

Specifically, the Bankruptcy Code provides that: "A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit" if that claim "is property of the estate and [the claim] arose out of the same transaction or occurrence out of which the [proof of] claim of such governmental unit arose." 11 U.S.C. § 106(b). Thus, a governmental unit waives its sovereign immunity if: (1) it files a proof of claim in a bankruptcy proceeding; (2) a plaintiff asserts a claim that is property of the bankruptcy estate; and (3) the plaintiff's claim arises out of the same transaction or occurrence that the governmental unit's proof of claim arose. *See id.* The Court addresses each element in turn.

First, Dallas, a municipality, filed a proof of claim in City Wide's bankruptcy proceedings. Doc. 2-4, R., 708. A municipality is a governmental unit under the Bankruptcy Code. 11 U.S.C. § 101(27). Thus, the first element is satisfied.[2]

Second, City Wide's claims are the property of the bankruptcy estate. City Wide's claims arise out of a contract that it entered with Dallas; thus, all four causes of action belong to City Wide's bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (defining a debtor's estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case"). Thus, all of City Wide's claims are property of the bankruptcy estate.

Third, City Wide's claims against Dallas arose out of the same transaction or occurrence as Dallas's claims. Federal courts interpret the "same transaction or occurrence" element to be governed by the same standard governing compulsory counterclaims under Federal Rule of Civil Procedure 13(a). *In re Value-Added Commc'ns, Inc.*, 224 B.R. 354, 358 (N.D. Tex. 1998) (Solis, J.). A counterclaim is compulsory if (1) "the issues of fact and law raised by the claim and counterclaim largely are the same; (2) "*res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;" (3) "substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim;" or (4) "there is any logical relationship between the claim and the counterclaim." *Park Club, Inc. v. Resol. Tr. Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992). A counterclaim that satisfies any one of these four conditions is considered compulsory. *Id.*

Here, the issues of fact and law in City Wide's counterclaims and Dallas's proof of claim are largely the same. In Dallas's proof of claim, Dallas claims that City Wide breached a contract by

---

[2] Dallas possesses governmental immunity, which is an extension of sovereign immunity under Texas law. *See Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 741 (Tex. 2019) ("As an extension of sovereign immunity, governmental immunity protects political subdivisions performing governmental functions as the state's agent.").

failing to complete the Opal Project. *See* Doc. 2-4, R., 713–14. City Wide's counterclaims seek equitable and declaratory relief to prevent Dallas from recovering the money it loaned City Wide as part of the Opal Project and to prevent Dallas from taking possession of the nine properties that City Wide agreed to develop. *See id.* at 714–16. Thus, the two sets of claims involve the same contract and "a jury would hear substantially the same facts in regard to both." *Park Club, Inc.*, 967 F.2d at 1058. Therefore, City Wide's counterclaims are compulsory, and all three elements of § 106(b) are satisfied.

Because Dallas waived its governmental immunity by filing a proof of claim, the bankruptcy court correctly concluded that it had subject-matter jurisdiction over the case. Accordingly, the Court affirms the bankruptcy court's denial of Dallas's Rule 12(b)(1) Motion to Dismiss for lack of subject-matter jurisdiction.

> 2. <u>The Substantive Law Governing Counts I, II, and IV of City Wide's Complaint Applies to Dallas, but the Substantive Law Governing Count III of City Wide's Complaint Does Not Apply to Dallas.</u>

Dallas is not immune from the suit. Thus, the Court must next determine whether the substantive law governing City Wide's claims applies to the city. *See Flamingo Indus.*, 540 U.S. at 743.

Even if a governmental agency waives its sovereign or governmental immunity, courts must still determine whether the relevant substantive law applies to the agency. In *Flamingo Industries*, the plaintiff sued the United States Postal Service ("USPS"), alleging that the USPS violated federal antitrust law. 540 U.S. at 738. There, the USPS had waived its sovereign immunity by statute. *Id.* at 744. Thus, according to the lower court, the USPS was liable for violating the Sherman Act. *See id.* at 743–44. The Supreme Court explained, however, that an agency waiving its sovereign immunity was not the end of the inquiry. *Id.* at 744. Even if a governmental agency waives immunity, it is only

liable if the relevant substantive law applies to the agency. *See id.* The Sherman Act imposes liability on everyone defined as a "person" under the statute. *Id.*; *see also* 15 U.S.C. § 7. But the Sherman Act's definition of "person" did not include the USPS. *Flamingo Indus.*, 540 U.S. at 746. Therefore, the plaintiff's claims could not succeed on the merits because the statute in question did not apply to the USPS. *Id.* at 747. Importantly, the Supreme Court's conclusion that the Sherman Act did not apply to the USPS did not mean that it was immune from the plaintiff's lawsuit. *See id.* at 743. It simply meant that the plaintiff's antitrust claim could not succeed on the merits. *See id.* at 747.

> *i. City Wide stated a claim for Counts I, II, and IV of its Complaint because breach of contract law and the law governing suits to quiet title apply to Dallas.*

The substantive law governing Counts I, II, and IV of City Wide's claims applies to Dallas. After reviewing City Wide's operative Complaint, it appears that Counts I and IV are rooted in breach of contract law. *See* Doc. 2-4, R., 714–17. Count II seeks a declaration that City Wide did not default on the contract governing the Opal Project, and "a declaration removing the cloud of title." *Id.* at 715. The Court construes this claim as effectively two separate causes of action: one claim seeking a declaratory judgment that City Wide did not breach the parties' contract and another claim to quiet title in the nine properties that were part of the Opal Project. *See Lance v. Robinson*, 543 S.W.3d 723, 739 (Tex. 2018) ("The plaintiff in a quiet-title suit must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." (quotations omitted)). Thus, the Court must determine whether the substantive law governing City Wide's lawsuit—Texas breach of contract law and Texas claims to quiet title—apply to Dallas. *See Flamingo Indus. (USA) Ltd.*, 540 U.S. at 744. Numerous cases discuss when a Texas city is liable for breaching a contract, which means that Texas breach of contract law applies to City Wide's contract claims. *See, e.g., City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 525

(Tex. App.—Austin 2014, no pet.). And Texas courts have also applied the law governing suits to quiet title against cities. *Carr v. City of Cisco*, 161 S.W.3d 522, 522–23 (Tex. App.—Eastland 2004) (assessing the merits of the plaintiff's claim to quiet title in land against a city). So Texas law also applies to City Wide's claim to quiet title.

Further, the Court is not aware of any authority establishing that the substantive law at issue here was not intended to reach a municipality. For example, there is no statutory provision that excludes Dallas from the definition of which entities can breach a contract or be subject to a claim to quiet title. *See Flamingo Indus.*, 540 U.S. at 744. And Dallas offers no argument for why the substantive law in question would not otherwise reach a city, other than contending that it is immune from City Wide's lawsuit. *See generally* Doc. 16, Appellee's Br. However, this argument fails as the Court concluded above that Dallas waived its governmental immunity. Thus, the substantive law with respects to Counts I, II, and IV can reach Dallas.

The bankruptcy court concluded that City Wide failed to state a claim because its claims were barred by governmental immunity. The bankruptcy court then dismissed the case with prejudice. The court erred for two reasons.

First, the bankruptcy court erred by requiring City Wide to demonstrate that Dallas not only waived its governmental immunity under the Bankruptcy Code, but that Dallas also waived its immunity under Texas law. "With respect to local . . . governments . . . [Section 106] overrides any immunities that they might assert under their own laws or federal common law." 2 COLLIER ON BANKRUPTCY ¶ 106.03 (16th ed. 2024) (internal footnotes omitted). As a municipality, Dallas would ordinarily be immune from City Wide's suit if Dallas was engaged in governmental functions. *See Tooke*, 197 S.W.3d at 343. However, as the Court discussed above, Dallas waived its governmental

immunity under § 106(b) when it participated in the bankruptcy proceedings by filing its proof of claim. *Cf. Gardner v. State of N.J.*, 329 U.S. 565, 574 (1947) ("When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim."). Because Dallas waived its immunity under § 106(b) of the Bankruptcy Code, City Wide does not need to satisfy the requirements under Texas law for when a city waives its governmental immunity. *See* 2 COLLIER ON BANKRUPTCY ¶ 106.03; *see also Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 28 (1st Cir. 2001) ("[Section] 106(b) validly waives a state's Eleventh Amendment immunity with respect to the full amount of any compulsory counterclaims."). In other words, if the elements of § 106(b) are satisfied, the governmental unit has waived its sovereign immunity regardless of whether the governmental unit would ordinarily be immune from the plaintiff's lawsuit under state law. *See* 2 COLLIER ON BANKRUPTCY ¶ 106.03.

The bankruptcy court appeared to rely on *Supreme Beef*. There, the Fifth Circuit addressed whether the federal government waived its federal sovereign immunity with respect to a permissive counterclaim asserted under § 106(c) of the Bankruptcy Code after the government filed a proof of claim in the plaintiff's bankruptcy proceedings. *In re Supreme Beef Processors, Inc.*, 468 F.3d at 252–53. The court concluded that the plaintiff could only assert a permissive counterclaim against the federal government under § 106(c) if the federal government had waived its federal sovereign immunity under the Federal Tort Claims Act, which is the exclusive vehicle for asserting torts against the federal government. *Id.* at 257. It appears that the bankruptcy court applied the reasoning from *Supreme Beef* and concluded that City Wide's claims are barred by governmental immunity unless City Wide can demonstrate that Dallas waived its governmental immunity under both § 106(b) and

under Texas law. *See* Doc. 2-1, R., 8 n.43. The Court disagrees. While Dallas may not have waived its governmental immunity under Texas law, § 106 of the federal Bankruptcy Code overrides Texas law on governmental immunity. 2 COLLIER ON BANKRUPTCY ¶ 106.03; *cf. Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015) ("[Courts] must not give effect to state laws that conflict with federal laws."). Therefore, the reasoning from *Supreme Beef* is inapplicable here—City Wide's claims are not barred by Dallas's governmental immunity because the *federal* Bankruptcy Code overrides Texas *state* law on governmental immunity.

Second, the bankruptcy court erred by dismissing the case with prejudice for failing to state a claim after concluding the case was barred by governmental immunity. When a case is barred by sovereign or governmental immunity, the court lacks subject-matter jurisdiction over the dispute. *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 762 (5th Cir. 2023). If a court lacks subject-matter jurisdiction over a case, it should dismiss the case under Rule 12(b)(1), *see Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), and the court should dismiss it *without* prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (reversing a district court's order dismissing a case barred by sovereign immunity with prejudice). Thus, if City Wide's claims were barred by governmental immunity, the bankruptcy court should have dismissed the case without prejudice for lack of subject-matter jurisdiction, as opposed to dismissing it with prejudice for failure to state a claim.

In sum, Dallas waived its governmental immunity under § 106(b) of the Bankruptcy Code by filing a proof of claim in City Wide's bankruptcy proceedings. And because § 106 overrides state law on governmental immunity, Dallas's governmental immunity does not prevent City Wide from

stating a claim. Accordingly, the Court reverses the bankruptcy court's Order granting Dallas's motion to dismiss the case under Rule 12(b)(6) as to Counts I, II, and IV.

> *ii. The law governing Count III of City Wide's Complaint does not apply to Dallas because equitable estoppel is not a cause of action.*

Count III of City Wide's operative Complaint asserts a purported claim for equitable estoppel. Doc. 2-4, R., 715–16. While this claim is not barred by Dallas's governmental immunity, the bankruptcy court also dismissed Count III because equitable estoppel is not an independent cause of action under Texas law. Doc. 2-1, R., 22–23. The Court affirms the dismissal.

Under Texas law, equitable estoppel is not an independent cause of action. *See Argyle ISD ex rel. Bd. of Trs. v. Wolf*, 234 S.W.3d 229, 241 (Tex. App.—Fort Worth 2007, no pet.). Instead, equitable estoppel is ordinarily asserted as an affirmative defense. TEX. R. CIV. P. 94; *see also Enchilada's Nw., Inc. v. L & S Rental Props.*, 320 S.W.3d 359, 365 (Tex. App.—El Paso 2010, no pet.) (describing equitable estoppel as an affirmative defense). But even though "[e]quitable estoppel is not a cause of action," it "may be asserted as a defensive plea to bar a defendant from raising a particular defense." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 n.1 (Tex. 2004). For example, a plaintiff may assert equitable estoppel in its complaint to prevent a defendant from using the statute of frauds defense. *See Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 936 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

Here, City Wide asserts a claim for equitable estoppel to prevent City Wide from enforcing a contract. Doc. 2-4, R., 715–16. City Wide is not using equitable estoppel as an affirmative defense. *See Enchilada's Nw., Inc.*, 320 S.W.3d at 365. Nor is City Wide using equitable estoppel to prevent Dallas from raising a particular defense. *See Two Thirty Nine Joint Venture*, 145 S.W.3d at 156 n.1 (Tex. 2004). Instead, City Wide is attempting to use equitable estoppel as an independent cause of

action. Doc. 2-4, R., 715–16; *see also* Doc. 15, Appellant's Br., 3 (describing the equitable estoppel claim as a cause of action attempting "to bar enforcement" of the parties' contract). Because equitable estoppel is not a separate cause of action under Texas law, this claim does not provide City Wide with an avenue for relief against Dallas. *See Flamingo Indus.*, 540 U.S. at 744. Accordingly, the Court affirms the bankruptcy court dismissing Count III of City Wide's Complaint for failing to state a claim.

B.       *It Would Be Futile to Grant City Wide Leave to Amend Count III of its Operative Complaint.*

Lastly, the bankruptcy court concluded it would have been futile to grant City Wide leave to amend its Complaint. Doc. 2-1, R., 24. "Ordinarily, this Court reviews the denial of a motion for leave to file an amended complaint for abuse of discretion. However, where, as here, the district court's denial of leave to amend was based solely on futility, we apply a *de novo* standard of review." *Def. Distributed v. Platkin*, 55 F.4th 486, 494 (5th Cir. 2022) (quotation and alteration omitted); *see also In re Webb*, 954 F.2d at 1103–04.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would

fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Here, Count III of City Wide's operative complaint asserted a claim that is not an independent cause of action under Texas law. Thus, the Court finds that it would have been futile to grant City Wide leave to amend Count III. *See Stripling*, 234 F.3d at 873. Accordingly, the Court affirms the bankruptcy court dismissing Count III of City Wide's complaint with prejudice.

C.   *City Wide Did Not Abandon Any of its Claims on Appeal.*

In its Response, Dallas argues that City Wide abandoned a few of its claims by failing to preserve them on appeal. Doc. 17, Appellee's Resp., 14. The Court rejects this argument because the Court is reversing the bankruptcy court's decision as to three of City Wide's Counts. Accordingly, City Wide has not abandoned Counts I, II, and IV of its Complaint.

IV.

CONCLUSION

For the reasons discussed above, the Court **AFFIRMS IN PART** and **REVERSES IN PART** the bankruptcy court's Order. Specifically, the Court **AFFIRMS** the bankruptcy court **DISMISSING WITH PREJUDICE** Count III of City Wide's Complaint. The Court **REVERSES** the bankruptcy court dismissing Counts I, II, and IV of City Wide's Complaint and **REMANDS** the case to the bankruptcy court for further proceedings not inconsistent with this Opinion.

**SO ORDERED.**

**SIGNED: January 7, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE